NOT FOR PUBLICATION (Doc. No. 19)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ERNIE GIORDANO | : |
| Plaintiff, | : Civil No. 14-0904 (RBK/JS) |
| v. | : |
|  | : **OPINION** |
| PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the unopposed Motion of Plaintiff Ernie Giordano ("Plaintiff") to voluntarily dismiss his Complaint against Defendant Philadelphia Contributionship Insurance Company ("Defendant") pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. No. 19). For the reasons expressed below, Plaintiff's Motion is granted.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

This suit concerns a flood insurance policy placed through the National Flood Insurance Program ("NFIP") administered by the Federal Emergency Management Agency ("FEMA") and Defendant (a Write-Your-Own ("WYO") insurance carrier under NFIP).[1] (Compl. ¶ 5.) This policy insured Plaintiff's property in North Wildwood, New Jersey, which suffered what Plaintiff

---

[1] "In 1983, pursuant to regulatory authority granted by Congress in 42 U.S.C. § 4081(a), FEMA created the 'Write Yor Own' ('WYO') program . . . Through the WYO program, Defendant and other private insurance companies 'administer[ ] standard form policies, pay[ ] any excess from premiums to the federal government, and act [ ] as 'fiscal agents' of the United States." Linblad v. Nationwide Mut. Ins. Co., No. 14-908, 2014 WL 6895775, at *1 (D.N.J. Dec. 4, 2014) (internal citations omitted).

1

contends to be "catastrophic" damages as a result of Hurricane Sandy on October 29, 2012. (Compl. ¶¶ 3, 5.) Plaintiff alleges that Defendant "improperly adjusted" and "mishandled" Plaintiff's claim related to these damages. (Compl. ¶ 7.) Plaintiff brought suit against Defendant on February 12, 2014, alleging that Defendant breached its "contractual obligations under the subject insurance policy" by failing to pay Plaintiff for all property-related damages. (Compl. ¶ 13.) Plaintiff claims that Defendant's alleged breach of contract caused him to sustain damages "which continue to grow." (Id.) Plaintiff further claims that Defendant committed contractual violations under The National Flood Insurance Act of 1968, (Compl. ¶¶ 14-18), and seeks "all such relief to which he is entitled as a result of the acts of Defendant," (Compl. ¶ 20.)

On April 28, 2014, FEMA extended the deadline to file a Standard Flood Insurance Policy ("SFIP") proof of loss for NFIP flood claims arising out of Hurricane Sandy to October 29, 2014.[2] (FEMA Bulletin.) FEMA granted policyholders this additional time in order to minimize the number of cases that "may be subject to a procedural defect as a result of a failure . . . to submit a proof of loss consistent with regulations . . ." (Ex. B. to Pl.'s Br., Case Management Order No. 2 ("CMO#2") at 1.) FEMA further sought to "aid[ ] the Court by permitting voluntary dismissal of cases in favor of administrative review and resolution." (Id.)

Plaintiff filed this Motion pursuant to Fed. R. Civ. P. 41(a)(2) on January 30, 2015. Defendant does not oppose this Motion. An Order for Temporary Stay regarding further flood litigation for Hurricane Sandy WYO carriers was issued on March 13, 2015, after it was recommended by the Court's Hurricane Sandy Litigation Committee and approved by the Board of Judges of the United States District Court for the District of New Jersey. (Doc. No 21.) This

---

[2] Policyholders initially had only sixty (60) days to submit proofs of loss to their insurance carriers. This filing extension gave those bringing claim an additional twenty-two (22) months to comply with FEMA regulations. (Ex. A to Pl.'s Br., FEMA Bulletin W-14017 ("FEMA Bulletin").)

temporary stay was later extended through July 12, 2015 by an Order issued on May 13, 2015. (Doc. No. 24.)  These Orders were issued in response to FEMA's "new policy of intensive negotiation and settlement efforts in Sandy flood cases" in which a WYO under the NFIP is a defendant.  (Doc. No. 21.)  The Court declared that "a temporary stay of such cases pending settlement efforts is warranted to conserve time and resource of the litigants" and the Court. (Doc. Nos. 21, 24.)

## II. DISCUSSION

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  Fed. R. Civ. P. 41(a)(2).  Whether a Rule 41(a)(2) dismissal should be granted is within the sound discretion of the court.  Quality Improvement Consultants, Inc. v. Williams, 129 Fed. App'x 719, 722 (3d Cir. 2005) (citing Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974)).  "Generally, a motion for dismissal should not be denied absent substantial prejudice to the defendant."  Sporn v. Ocean Colony Condo. Ass'n, 173 F. Supp. 2d 244, 255 (D.N.J. 2001) (internal quotation marks omitted).  Courts in this district have considered a variety of factors when ruling on a motion to voluntarily dismiss under Rule 41, including, "(1) the expense of a second litigation; (2) the effort and expense incurred by defendant in preparing for trial in the current case; (3) the extent to which the case is progressing; and (4) plaintiff's diligence in bringing the motion to dismiss."  Assadourian v. Harb, No. 06–896, 2009 WL 2424704, at *2 (D.N.J. Aug. 6, 2009) (citing Sporn, 173 F. Supp. 2d at 255).  Additionally, Rule 41 motions "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit."  In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990); see also Environ Prods., Inc. v. Total Containment, Inc., No.

3

94-7118, 1995 WL 459003, at *5 (E.D. Pa. July 31, 1995) ("Plain legal prejudice simply does not result … when plaintiff may gain some tactical advantage by a voluntary dismissal.") (citing In Re Paoli, 916 F.2d at 863).

Here, several factors support Plaintiff's contention that all parties stand to benefit from the Court granting his Motion.  First, the expense of a second litigation would not be duplicative.  Since the reason FEMA extended its filing deadline for SFIP proof of losses was related to the potentially large number of Hurricane Sandy cases brought pursuant to the NFIP, Defendant, as a WYO under that program, is likely in litigation with other policyholders similarly situated to Plaintiff.  Defendant would not incur significant expenses preparing for a potential second round of litigation with Plaintiff, since it would likely either be preparing for similar suits at that time or have recent experience with such preparation.  Furthermore, even if Plaintiff were to pursue a second lawsuit, the Court does not see why, and Defendant does not point out why, it could not re-use its discovery in a future action.  See Tyco Labs., Inc. v. Koppers Co., Inc., 627 F.2d 54, 56 (7th Cir. 1980) (extensive discovery is not prejudicial where evidence discovered could be used in subsequent litigation).

Secondly, there is no indication that Defendant has either exerted substantial efforts or incurred significant expenses in its preparation for trial.  Plaintiff filed his Complaint on February 12, 2014.  Defendant filed an Answer and Affirmative Defenses on April 7, 2014. (Doc. No. 6.)  The Standing Case Management Order No. 1 ("CMO #1") was issued on April 8, 2014, (Doc. No. 7), and discovery commenced thereafter.  No dispositive motions have been filed.  The case is now temporarily stayed.  Defendant does not represent to the Court that it has exerted any extensive efforts up to this point in litigation, and the Court is not inclined to so

presume. Defendants have not even incurred an expense in relation to this motion, which remains unopposed.

Thirdly, this case has not progressed to a major extent. It appears to the Court that the Motion was filed either during factual discovery or shortly after discovery was closed, but before any dispositive motions were filed, and all litigation is now temporarily stayed.[3] See Mobil Oil Corp. v. Advanced Envtl. Recycling Techs., Inc., 203 F.R.D. 156, 158 (D. Del. 2001) ("[D]iscovery has not been so extensive to be tantamount to the 'plain legal prejudice' which would preclude a dismissal without prejudice.") The only factor weighing against Plaintiff is that he did not bring this Motion sooner. The FEMA bulletin extending the deadline to file an SFIP proof of loss statement was issued on April 28, 2014, but Plaintiff did not bring this Motion until January 2015. This is true even though the Court ordered Plaintiff to file a motion for voluntary dismissal by August 8, 2014 (Doc. No. 13). But despite this delay, the Court still finds that granting the Motion would not cause undue prejudice to Defendant. This is not a case in which dismissal is sought on the eve of trial. See Ferguson, 494 F.2d at 28 ("It is . . . an increasingly burdensome matter to one's opponent if a case has been prepared, trial date set and the party and his witnesses on hand and ready for trial.")

Importantly, Plaintiff's Motion would not cause Defendant to suffer prejudice other than the prospect of a second lawsuit. See In re Paoli, 916 F.2d at 863. In fact, Defendant would likely benefit from the Court granting Plaintiff's Motion because "the opportunity to re-engage administrative handling" of the insurance claim at issue would preclude "the need for further or

---

[3] It is unclear whether this Motion was brought during or after discovery had taken place. CMO#1, filed on April 8, 2014, provides that "[t]he discovery protocol generally requires that all pretrial discovery be completed within one hundred and twenty (120) days from entry of [this Order]." However, Plaintiffs assert that the motion was filed during the fact discovery period. Pl.'s Br. 9.

additional litigation." Pl's. Br. at 1.  This would save Defendant costs and time it would otherwise devote to its litigation with Plaintiff.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**. An appropriate Order shall issue.


Dated:  6/23/2015                                                              s/ Robert B. Kugler
                                                                                         ROBERT B. KUGLER
                                                                                         United States District Judge